**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF HAWAII**

| In re<br><br>JIM SLEMONS HAWAII, INC.<br><br>Debtor. | Case No.: 09-01802<br>Chapter 11<br><br>Re: Docket No. 72 |
|---|---|

**MEMORANDUM OF DECISION ON LESSOR'S MOTION FOR ORDER TERMINATING DEBTOR'S NON-RESIDENTIAL LEASE**

Section 365(d)(4) of the Bankruptcy Code provides that the debtor has a fixed period within which to assume leases of nonresidential real property under which the debtor is lessee. The consequences of a debtor's failure to meet the deadline are harsh: the lease is deemed rejected and the debtor must surrender the leased property. Fortunately, it is fairly easy to meet the deadline. The debtor must file a proper motion to assume the lease, or a motion to extend the deadline, before the deadline passes. In re Victoria Station, Inc., 840 F.2d 682 (9th Cir. 1988). Unfortunately, the deadline has passed and this debtor has never filed such a motion. As a consequence, this debtor has lost its most significant asset.

1.

Continental Investment Company, Ltd. (the "Lessor") leases nonresidential real property located in Aiea, Hawaii (the "Property") to Jim Slemons Hawaii, Inc. (the "Debtor").

The Debtor filed a petition under chapter 11 of the Bankruptcy Code on August 10, 2009.

On August 25, 2009, the Lessor filed a motion to compel the Debtor to pay postpetition rent pursuant to 11 U.S.C. § 365(d)(3) (dkt. no. 11). The motion was granted.

On October 19, 2009, the Debtor filed a motion seeking (in summary) a determination of the amount of the postpetition rent (dkt. no. 42). The Debtor took no steps to prosecute this motion for several months. Finally, on January 12, 2010, the Debtor gave notice of a hearing on the motion.

December 8, 2009, was the one hundred twentieth day after the order for relief.

On December 23, 2009, the Lessor filed a motion requesting that the court verify that the lease terminated by virtue of Debtor's failure timely to assume the lease under 11 U.S.C. § 365(d)(4), require the Debtor to surrender the premises to Lessor, and grant related relief (dkt. no. 72).

2.

The Lessor's motion was set for hearing on January 19, 2010. At the hearing, the Debtor argued, for the first time, that it had received only twenty seven days notice of the hearing rather than twenty eight days as the local rules require. In order to eliminate any possible prejudice to the Debtor due to one day's insufficiency of



U.S. Bankruptcy Court - Hawaii #09-01802 Dkt # 124 Filed 02/22/10 Page 2 of 7

notice, I took the matter under advisement and gave the Debtor more than a month to file another memorandum. The Debtor has had an ample opportunity to present its position.

The Debtor also contends that it did not have an opportunity to present as much oral argument on the motion as it wished. Parties have no right, under the rules or as a matter of due process, to any oral argument.

Finally, the Debtor claims that the court unfairly granted the Lessor an opportunity to file an additional reply memorandum. This argument lacks any merit. The Lessor, as the movant, had the customary right to "open and close" the briefing. The one day shortage of notice does not justify depriving the Lessor of this right. In any event, I am issuing this decision before the Lessor has filed its reply, so the Debtor has not been affected.

3.

Section 365(d)(4) of the Bankruptcy Code provides that a nonresidential real property lease is deemed rejected by the debtor if it is not assumed within 120 days after the date of the order for relief or by the entry of an order confirming a plan, whichever is earlier.[1] The Bankruptcy Abuse Prevention and Consumer Protection

---

[1] 11 U.S.C. § 365(d) provides:

(4)(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall



U.S. Bankruptcy Court - Hawaii #09-01802 Dkt # 124 Filed 02/22/10 Page 3 of 7

Act of 2005 strengthened section 365(d)(4) by limiting the court's power to extend the deadline.

In order to assume a lease, the debtor must file a motion seeking that relief and give reasonable notice and an opportunity to respond to "the party against whom the relief is sought." Fed. R. Bankr. P. 6006(a), 9014. Sea Harvest Corp. v. Riviera Land Co., 868 F.2d 1077 (9th Cir. 1989).

The Debtor argues that its motion of October 19, 2009, satisfied this requirement. That motion, however, relates solely to the Debtor's obligation to pay postpetition rent. It does not seek authority to assume the lease and never even mentions the assumption or rejection of the lease.

The Debtor claims that the motion of October 19, 2009, only made sense if the Debtor planned to assume the lease. This is not accurate. A debtor must pay postpetition rent even if the debtor rejects the lease. The issues of lease assumption and postpetition rent are separate.

---

immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of –

(i) the date that is 120 days after the date of the order for relief; or

(ii) the date of the entry of an order confirming a plan.

(B)(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

(ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

The Debtor further argues that it has always been clear that the lease was the centerpiece of its reorganization effort and that everyone was on notice of its intention to assume the lease. It is not sufficient, however, for a debtor merely to state its intention to assume a lease. In Sea Harvest, the debtor filed an "affirmation and assumption of executory contracts" document. The Court of Appeals ruled that this was insufficient to assume the lease because the debtor was required to file a formal motion and the debtor's paper did not move the court for any relief or state the grounds that would entitle the debtor to assumption. "[S]trict compliance with these requirements avoids ad hoc inquiries into the meaning of debtors' words and actions. Anything short of this standard risks uncertainty, which is exactly what Section 365(d)(4) was designed to remedy." 868 F.2d at 1079 (quoting the district court).

The Debtor claims that, by filing its motion for postpetition rent, the Lessor acknowledged the Debtor's lease assumption. This is both incorrect and irrelevant. It is incorrect because a lessor is entitled to postpetition rent whether or not the debtor assumes the lease, and the lessor does not waive any rights by seeking or accepting payment of postpetition rent. Section 365(d)(3) states that "[a]cceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title." See In re George, 177 F.3d 885 (9th Cir. 1999)(lessor did not waive its rights to pursue a surrender order even though lessor had accepted

rent from the debtors after the expiration of the deadline to assume or reject the nonresidential real property lease). It is irrelevant because assumption of a lease requires court approval; the lessor's approval or "acknowledgment" is neither necessary nor sufficient.

Finally, the Debtor argues that the Congressional intent of section 365(d)(4) was to protect lessors from harm due to delays in the assumption or rejection of leases, and that this purpose was fulfilled when the court ordered the Debtor to pay postpetition rent. This again misses the point that the requirement of timely assumption is separate and independent from the requirement of timely payment of postpetion rent. It is not sufficient for a debtor to do one or the other of these things; the debtor must do both.

4.

The Debtor accuses me of bias in favor of the Lessor's counsel. I have carefully considered my ethical obligations in this case (as I do in every case before me) and I conclude that there is no basis for recusal. I have made every effort to be fair to the Debtor's counsel and have repeatedly accommodated his scheduling requests. The Debtor has lost this motion, not because I am biased in favor of the Lessor's counsel (I am not), but rather because the Debtor's counsel missed a statutory deadline.



U.S. Bankruptcy Court - Hawaii #09-01802 Dkt # 124 Filed 02/22/10 Page 6 of 7

5.

In summary, the Debtor failed to comply with the strict requirements of section 365(d)(4). The 120 day deadline for the Debtor to assume or reject the lease, or to request and obtain an extension of time to assume or reject, fell on December 8, 2009. The Debtor did not timely file a motion to assume the lease or for an extension of time to assume or reject the lease. Therefore, the lease was deemed rejected, by operation of law, on December 9, 2009. The Lessor's motion must be granted.

Counsel for the Lessor shall submit an appropriate separate judgment.

UNITED STATES BANKRUPTCY COURT DISTRICT OF HAWAII

***/s/ Robert J. Faris***
**United States Bankruptcy Judge**
Dated: **02/22/2010**