UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No.: 09-01802 |
|---|---|
| JIM SLEMONS HAWAII, INC., | Chapter 11 |
| Debtor. | Rel.: Dkt. No. 157 |

MEMORANDUM CONCERNING DEBTOR'S
EX PARTE MOTION TO STAY HEARING
ON DEBTOR'S MOTION TO DISQUALIFY

FACTS

On February 22, 2010, United States Bankruptcy Judge Robert J. Faris issued a Memorandum of Decision (Dkt. No. 124), ruling that Debtor's principal asset, a lease of real property, was deemed rejected because Debtor failed to comply with the requirements of 11 U.S.C. § 365(d)(4) concerning assumption of a lease of non-residential real property.

On February 23, 2010, Debtor filed a motion to recuse Judge Faris, alleging bias against Debtor's counsel, Anthony P. Locricchio. That motion is set for hearing before the undersigned on April 21, 2010.

On April 7, 2010, Debtor filed the subject motion to stay the April 21 hearing, to enable its counsel to conduct an investigation into this court's internal procedures.

U.S. Bankruptcy Court - Hawaii  #09-01802  Dkt # 162  Filed 04/09/10  Page 1 of 5

That investigation is alleged to be necessary to determine whether or not Judge Faris' February 22 memorandum was rushed out, due to fear of a threatened recusal motion. The recusal threat is contained in the Declaration of Anthony P. Locricchio, at pages 18 and 19 of "Jim Slemons Hawaii Inc., the Debtor in Possession's Supplemental Opposition to Lessor's Reply Memorandum, filed February 18, 2010. (Dkt. no. 121). The recusal threat is contained in paragraph 8. It reads, "That I, on behalf of the Debtor, believe he (sic) can not receive a fair hearing on the merits from this Court for reasons stated in the accompanying Opposition and Motion to be incorporated by reference and both the to be filed Bias motion and the foregoing Motion."

Questions to be investigated include: (1) Was Judge Faris' memorandum back-dated? (2) The identity of the law clerk who worked with Judge Faris on the matter. (3) Did the law clerk work overtime? (4) What was Judge Faris' personal schedule on February 22, 2010, the date the memorandum was entered in the court records? (5) Did Judge Faris issue his memorandum on February 22, 2010, out of fear inspired by the recusal threat quoted above?

ISSUE

Should the hearing on the motion to recuse Judge Faris be delayed, to enable Debtor's counsel to conduct an investigation of this court's personnel and

U.S. Bankruptcy Court - Hawaii   #09-01802   Dkt # 162   Filed 04/09/10   Page 2 of 5

procedures?

DISCUSSION

Court records show that Judge Faris' memorandum was filed, electronically, at 10:55 AM HST, on February 22, 2010. Debtor's counsel has elected not to participate in the court's electronic filing system. Had he done so, he would have received immediate electronic service of Judge Faris' memorandum. Non-participants in the electronic filing system receive service by mail.

There was no back-dating of Judge Faris' memorandum.

The motion which led to Judge Faris' February 22, 2010, memorandum was set to be heard on January 19, 2010. The matter was taken under submission by the court. Debtor was given to February 11, 2010, to file a supplemental opposition to the Lessor's motion for order terminating Debtor's non-residential lease. This time was subsequently extended to February 18, 2010. Lessor's counsel was given to February 25, 2010, to file a supplemental reply. Debtor's counsel filed a supplemental memorandum on February 18, 2010. Judge Faris filed his Memorandum of Decision on February 22, 2010, before the Lessor's supplemental reply was due.

There is no indication that Judge Faris seven page decision was the result of rush work. The statute and the issue are not new or novel. It is not known when

U.S. Bankruptcy Court - Hawaii #09-01802 Dkt # 162 Filed 04/09/10 Page 3 of 5

Judge Faris started an initial draft his memorandum, whether before or after receipt of Debtor's supplemental pleading on February 18, 2010. However, even if he started from scratch after reviewing that supplemental pleading, there was still ample time to write and file the Memorandum of Decision by February 22, 2010. Furthermore, if Judge Faris were unpersuaded by Debtor's supplemental memorandum, there was no reason to wait for a supplemental reply from the party who was going to prevail.

It does not appear that the timing of Judge Faris' memorandum was the result of concern about the above quoted threat of a recusal motion. He addressed the accusation of bias at paragraph 4, page 6, of the Memorandum of Decision: "I have made every effort to be fair to the Debtor's counsel and have repeatedly accommodated his scheduling requests. The Debtor has lost this motion, not because I am biased in favor of the Lessor's counsel (I am not), but rather because the Debtor's counsel missed a statutory deadline."

CONCLUSION

The Debtor's motion to stay the hearing of its motion to disqualify Judge Faris from participation in this bankruptcy case, to enable Debtor's counsel to conduct an investigation of court personnel and procedures, is not persuasive. An accusation of bias against a judge is a most serious matter, and should be considered without

4

unnecessary delay. The motion will be denied.

Dated: Honolulu, Hawaii, _____APR 0 9 2010_____.

_____
Lloyd King
U.S. Bankruptcy Judge

5

U.S. Bankruptcy Court - Hawaii #09-01802 Dkt # 162 Filed 04/09/10 Page 5 of 5