UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No.: 09-01802 |
|---|---|
| JIM SLEMONS HAWAII, INC., | Chapter 11 |
| Debtor. | Rel. Dkt. No. 125 |

## MEMORANDUM CONCERNING MOTION TO DISQUALIFY UNITED STATES BANKRUPTCY JUDGE

**INTRODUCTION**

Debtor in possession Jim Slemons Hawaii, Inc., filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code on August 10, 2009. Before the court is Debtor's motion to disqualify the Bankruptcy Judge who is presiding over the attempted reorganization.

The motion was heard on April 26, 2010. Anthony P. Locricchio, Esq., ("Locricchio") appeared for Debtor, in support of the motion. Jerrold K. Guben, Esq., of O'Connor Playdon & Guben, ("Guben") appeared for creditor Continental Investment Company, Ltd. ("Continental"), but presented no argument.

At the conclusion of the hearing, it was announced that the motion would be denied.

## FACTS

This bankruptcy case is assigned to United States Bankruptcy Judge Robert J. Faris, the only full-time, active bankruptcy judge in the District of Hawaii. At the request of Judge Faris, the undersigned bankruptcy judge heard Debtor's motion to disqualify.

The motion alleges that Judge Faris is biased against Debtor's counsel, Locricchio, and biased in favor of Continental's counsel, Guben.

When this reorganization case was filed, Debtor's principal assets were leasehold interests in nonresidential real estate leased by Debtor, as lessee from Continental as lessor. Some of the leased property is located within the anticipated right-of-way of Honolulu's proposed route for a light rail transit system. Debtor apparently hopes to receive a share of any condemnation proceeds.

On August 25, 2009, Continental, alleging delinquent rent, filed a motion to compel timely payment of rent by Debtor. The motion was granted, over Debtor's opposition, by order entered on November 9, 2009. (Dkt. no. 65)

The Bankruptcy Code provides that the interest of a debtor-lessee in a lease of nonresidential real property is deemed rejected, and the property must be surrendered to the lessor, unless the lease is assumed or rejected by the earlier of

2

U.S. Bankruptcy Court - Hawaii   #09-01802   Dkt # 185   Filed 05/05/10   Page 2 of 13

120 days after the filing of the order for relief or the date of entry of an order confirming a plan. 11 U.S.C. § 365(d)(4)(A). This case was commenced by a voluntary chapter 11 petition, and no plan has been confirmed. Therefore, the deadline for assumption or rejection of Debtor's leases is 120 days after August 10, 2009, which is the date of filing of Debtor's petition for relief under chapter 11 and the date of the order for relief in this case. During the 120 days following the order for relief, Debtor did not obtain an order or file a motion for assumption of the leases with Continental.

The court may extend the period for assumption or rejection, upon motion for extension filed before the expiration of the 120 day period. 11 U.S.C. § 365(d)(4)(B). Debtor never filed such a request for an extension of time.

After expiration of the 120 days from the order for relief Continental filed a motion for an order terminating Debtor's interest in the subject leases (the "termination motion"). The motion was filed on December 23, 2009. Hearing of the motion was set for January 19, 2010, which is one day less than the 28 day notice period required by LBR 9013-1(c)(1). The impact of the insufficient notice was magnified by two facts. First, the termination motion was filed during the Christmas/New Year holiday season. Second, Locricchio does not participate in this court's non-mandatory electric filing system, which provides immediate notice

3

of all filings in a particular case to all requesting counsel.

The termination motion was heard on January 19, but to make up for the deficiency in the notice to Debtor, Debtor's counsel was given to February 11, 2010, to file a supplemental memorandum and Lessor's counsel was given to February 18 to file a reply. Pursuant to a request filed on February 11, Debtor's counsel was given a further extension, to February 18. Lessor's reply date was extended to February 25. In sum, Judge Faris gave debtor's counsel almost one month after the hearing to file additional written opposition to the termination motion. Debtor's supplemental opposition was timely filed, on February 18.

On February 22, 2010, before the filing of Continental's reply memorandum in support of the termination motion, Judge Faris issued a Memorandum of Decision, stating that the lease termination motion would be granted. (Dkt. no. 124)

On the next day, February 23, Debtor filed the subject motion to disqualify Judge Faris. (Dkt. no. 125) Judge Faris had been told by Debtor's counsel that a motion to disqualify, based on the judge's alleged bias, was to be filed, and Judge Faris addressed the bias issue in his February 22 Memorandum of Decision.[1] The

---

[1] "The debtor accuses me of bias in favor of the Lessor's counsel. I have carefully considered my ethical obligations in this case (as I do in every case before me) and I conclude that there is no basis for recusal. I have made every effort to be fair to the Debtor's counsel and

4

memorandum states that there is no bias, and the granting of the termination motion is based on the missed deadline to assume the lease.

The alleged bias against Debtor's counsel and in favor of Continental's counsel is based primarily upon the judge's failure to deny the lease termination motion because of the insufficient notice and the alleged existence of a bankruptcy club, whose members include local bankruptcy specialists and Judge Faris. The club supposedly excludes non-members from lucrative bankruptcy work and generally favors members, to the detriment of others.

Debtor's counsel raised or attempted to raise the 'club' issue against Judge Faris in a previous case in this court, *In re Personal Electric Transports, Inc.*, No. 06-00071, United States Bankruptcy Court for the District of Hawaii. That debtor's appeal of an order by Judge Faris was dismissed by the Ninth Circuit Court of Appeals, because the Debtor's notice of appeal was not timely filed. (Unpublished memorandum, filed February 13, 2009, in *Personal Electric Transports, et al. v. Office of the United States Trustee,* No. 07-16630, United States Court of Appeals for the Ninth Circuit, Dkt. no. 39.) (See also, Appellant's

---

have repeatedly accommodated his scheduling requests. The Debtor has lost this motion, not because I am biased in favor of the Lessor's counsel (I am not), but rather because the Debtor's counsel missed a statutory deadline." (Memorandum of Decision on Lessor's Motion for Order Terminating Debtor's Non-Residential Lease, filed February 22, 2010, p. 6.)

5

U.S. Bankruptcy Court - Hawaii    #09-01802    Dkt # 185    Filed 05/05/10    Page 5 of 13

Petition to Withdraw Mandate, filed April 23, 2009, Dkt. no. 40; and Court of Appeals' Order, filed July 24, 2009, Dkt. no. 44, stating, "No further filings will be accepted.")

Counsel for Debtor Jim Slemons Hawaii, Inc., also filed a motion (Dkt. no. 37, filed October 16, 2009) to remove an attorney for the Office of the United States Trustee from the subject bankruptcy case, after that attorney filed an objection to Debtor's proposed employment of Locricchio as its general bankruptcy counsel. The objection questions whether Locricchio has the necessary experience to represent a chapter 11 debtor and notes, "Among other things, the Debtor has not filed a Statement of Financial Affairs, has apparently not opened up a proper DIP account [debtor in possession bank account], does not have a Federal Tax identification number, does not have a General Excise Tax license, has not filed a designation of responsible person, has not filed an [sic] disclosure of attorney compensation, and has not filed a monthly operating report for August 2009." (United States Trustee's Objection to Debtor's Application to Employ General Bankruptcy Counsel, filed September 30, 2009, p. 4) (Dkt. no. 21).

Debtor's original and supplemental memoranda in support of the motion to disqualify do not contain a single citation to a statute, rule, or reported case.

U.S. Bankruptcy Court - Hawaii   #09-01802   Dkt # 185   Filed 05/05/10   Page 6 of 13

## ISSUE

Has Debtor demonstrated bias on the part of the presiding bankruptcy judge, either against Debtor's counsel or in favor of Continental's counsel.

## DISCUSSION

Disqualification motions against United States Bankruptcy Judges are governed by 28 U.S.C. § 455, made applicable to bankruptcy cases by Rule 5004(a), Fed. R. Bankr. P. [2]

The present disqualification motion appears to be based upon subdivisions (a) and (b)(1)[3] of § 455.

Debtor does not suggest that Judge Faris has any personal animosity toward Locricchio. There are two bases for the motion. First, the judge is alleged to be biased in favor of Continental's attorney, Guben, because Guben is a member of a club composed of local bankruptcy specialists, which receive favorable treatment from Judge Faris. The favorable treatment given to Guben supposedly works to

---

[2] "A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstance arises or, if appropriate, shall be disqualified from presiding over the case." Fed. R. Bankr. P. 5004(a).

[3] "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

"He shall also disqualify himself in the following circumstances: (1) 'Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;'" 28 U.S.C. § 455(b)(1).

U.S. Bankruptcy Court - Hawaii    #09-01802    Dkt # 185    Filed 05/05/10    Page 7 of 13

Locricchio's and his client's disadvantage. Second, the favoritism toward Guben is demonstrated by the fact that the Continental's lease termination motion was not dismissed or denied, because it was set for hearing on 27, rather than 28 days notice.

## DOES A CLUB CONTROL THE PRACTICE OF BANKRUPTCY LAW IN THIS DISTRICT?

Is Judge Faris a participant in a bankruptcy club or lunch club that prevents or attempts to prevent non-members from practicing bankruptcy law in this district?

No evidence, by way of testimony, declaration, or affidavit is presented in support of this serious allegation. When questioned about proof at the hearing of the subject disqualification motion, all that Locricchio could offer was his hearsay recollection of statements made by one of the debtor's attorneys in the *Personal Electric Transports,* noted above. The essence of the recollection is that the attorney, a supposed member of the club, refused to take action on behalf of the debtor in that case, because the action would be contrary to the wishes of the Office of the United States Trustee, also a participant in the club.

Locricchio's hearsay recollection is insufficient to establish the existence of a club, which works to prevent non-members from being able to practice

8

U.S. Bankruptcy Court - Hawaii   #09-01802   Dkt # 185   Filed 05/05/10   Page 8 of 13

bankruptcy law, in this district, on a level playing field with club members. Attorneys in specialized practice areas often have meetings/seminars at which current developments, new and amended statutes and rules, and recent cases are discussed. This is not limited to attorneys doing bankruptcy work. Debtor has presented nothing to suggest that, if such meetings/seminars are held by members of the local bankruptcy bar, any attorney wishing to attend would be anything but welcome.

## DID BIAS IN FAVOR OF LESSOR'S COUNSEL LEAD TO UNFAIR MANAGEMENT OF LESSOR'S LEASE TERMINATION MOTION?

It is undisputed that Locricchio was given insuffient notice of the lease termination motion. The shortfall was only one day, but that shortfall was magnified by the fact that the notice was served on December 23, 2009, during the holiday season, and the fact that Locricchio has chosen not to participate in this courts electronic filing system.

The untimely filing of documents is a problem for most courts. Where time limits are established by local rule, judges have the power to take a flexible approach, in order to keep their calendars moving. For example, in this district, LBR 1001-1(d) provides, "In any case or proceeding, the court may direct that provisions of these rules be modified or suspended, or that ceertain local general

9

or civil rules of the District Court be made applicable." Also, pursuant to LBR 9006-1(b)(1), "Unless prohibited by statute or by federal rule, the court may enlarge or shorten the time to perform any act or to file any paper on its own motion or the motion of a party."

The Local Bankruptcy Rules do not spell out exact procedures for allowing deviations from rule requirements, but the above cited rules make it clear that the judge has the power to accommodate the needs of a particular situation.

The notice deficiency concerning the lease termination motion resulted in no prejudice to Debtor. The hearing was held on January 19, 2010, the originally scheduled date, but Judge Faris gave Debtor's counsel the opportunity to overcome any possible prejudice by filing a post-hearing memorandum. The date for that memorandum was fixed at February 11, 2010, but Judge Faris later extended the due date to February 18, 2010.

Locricchio argued, without citation of authority, that the notice deficiency required denial of the motion. As is shown by the terms of the Local Bankruptcy Rules cited above, the judge has the power to modify or suspend the time limits fixed by the rules. Any rule adjustment by Judge Faris was accompanied by the granting of additional time to file a supplemental, post-hearing memorandum. This accommodation made sure that Debtor suffered no prejudice on account of

10

U.S. Bankruptcy Court - Hawaii    #09-01802    Dkt # 185    Filed 05/05/10    Page 10 of 13

the timing of the hearing on the motion.

Finally, Locricchio argues that because Judge Faris was aware that a disqualification motion was about to be filed, he rushed out his ruling on Continental's lease termination motion, rather than be forced to delay a ruling until the disqualification motion had been considered. Locricchio requested that the hearing on this disqualification motion be delayed, so that he could conduct discovery about the personal schedules of Judge Faris and his law clerk during the time between the date of filing of Debtor's final brief, February 18, 2010, and the date of the judge's memorandum indicating that the lease termination motion would be granted, February 22, 2010.

The requested delay was denied by memorandum (dkt. no. 162) and order (dkt. no. 163) of the undersigned, filed April 9, 2010.

A bankruptcy judge is not prevented from continued administration of a bankruptcy case, because of a pending disqualification. *In re Spirtos,* 298 B.R. 425, 433-34 (Bankr. C.D. Cal. 2003). Accordingly, there was no need for Judge Faris to rush his ruling on the lease termination. The prompt ruling, if anything, speaks well for the judge.

The allegations of bias against Judge Faris lack factual and legal support. The standard test for disqualification under 28 U.S.C. § 455 is whether a

reasonable person, with full knowledge of all the facts would conclude that his impartiality might be questioned. This is the test in the Ninth Circuit. *In re Focus Media, Inc.*, 378 F.3d 916, 929 (9th Cir. 2004).

No prejudice resulted from the scheduling of the hearing and briefing of the lease termination motion. The promptness of the judge's ruling on the motion, following the filing of Debtor's final memorandum, is a non-issue. The existence of a bankruptcy club, which controls the practice of bankruptcy law in this district, is unsupported, except by Locricchio's hearsay recollection of the statement of an attorney during the course of a different case in which Locricchio was involved. "Conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." *In re Nicole Energy Services, Inc.*, 423 B.R. 840, 846 (Bankr. S.D. Ohio, 2010) (quoting *Gen. Aviation v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990)

## CONCLUSION

The motion to disqualify Judge Faris is without factual or legal support. Even without such support, it is still a serious matter, and it has been given careful consideration. The court's independent research has not located any authority suggesting disqualification of Judge Faris.

U.S. Bankruptcy Court - Hawaii #09-01802 Dkt # 185 Filed 05/05/10 Page 12 of 13

An order will be entered, denying Debtor's motion to disqualify the presiding bankruptcy judge.

Dated: Honolulu, Hawaii, May 5, 2010.

/s/ Lloyd King
Lloyd King
United States Bankruptcy Judge

13

U.S. Bankruptcy Court - Hawaii   #09-01802   Dkt # 185   Filed 05/05/10   Page 13 of 13