# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>JIM SLEMONS HAWAII, INC.,<br><br>      Debtor. | Case No. 09-01802<br>Chapter 11<br><br>Re: Docket Nos. 42, 110, 152, 159, 176 |

## MEMORANDUM OF DECISION ON MOTIONS SET FOR MAY 24, 2010

The debtor in this case lost its primary (if not its only) asset, certain leases of commercial real property, because the debtor failed timely to assume the leases. This memorandum considers whether to dismiss the case and what should be done with the motions that remain pending.

### Debtor's Motion for Reconsideration

The debtor seeks to set aside the prior judgment that the leases were deemed rejected (docket no. 152). I will deny this motion for two reasons.

First, the motion is untimely. Under Fed. R. Bankr. P. 9023, a motion to alter or amend a judgment must be filed within fourteen days after the judgment is entered. The debtor filed its motion on April 5, 2010, thirty three days after the applicable judgment was entered.

Second, the motion does not meet the standard for alteration or amendment

of a judgment. The debtor has not demonstrated a manifest error of law or fact and has not produced any newly discovered evidence. In re Hansen, 368 B.R. 868, 878 (Bankr. 9th Cir. 2007).

## Motion to Dismiss

The Office of the United States Trustee's motion to dismiss this chapter 11 case (docket no. 176) will be granted. Because the leases were deemed rejected, the estate has been substantially diminished, and there is no longer any prospect of a successful reorganization. For the same reason, there are few if any assets which a chapter 7 trustee could administer, and therefore dismissal rather than conversion is warranted.

## Effects of Dismissal

The debtor intends to sue the lessor, the sublessees, and possibly others after the bankruptcy case is dismissed. For the benefit of the court presiding over that litigation, it is appropriate to explain how the dismissal of this case affects the leases.

Pursuant to section 349 of the Bankruptcy Code, the dismissal of a bankruptcy case undoes certain enumerated transactions occurring during the bankruptcy case. The "deemed rejection" of a lease under section 365(d)(4) is not one of the enumerated transactions. Therefore, even though the bankruptcy case

2

will be dismissed, the debtor's leases have still been rejected and the statute still requires the debtor to surrender the leased property to the lessor. In re Tri-Glied, Ltd., 179 B.R. 1014, 1021 (Bankr. E.D.N.Y. 1995); In re BSL Operating Corp., 57 B.R. 945, 952 (Bankr. S.D.N.Y. 1986).[1]

## Mootness of Remaining Motions

There are three other motions pending: an application for compensation by the debtor's attorney (docket no. 110); the debtor's motion to pay only certain post-petition rent payments and other relief (docket no. 42); and the lessor's motion for immediate payment of post-petition rent (docket no. 159). The debtor argues (and I was initially inclined to rule) that the dismissal of the case moots all of these motions.

The lessor argues that the bankruptcy court has exclusive jurisdiction of the questions presented by the pending motions and that, after the case is dismissed, no nonbankruptcy court could grant relief. It is true that, after the dismissal of the bankruptcy case, the bankruptcy court retains jurisdiction over its own orders and "to dispose of ancillary matters that are not otherwise moot." In re Pavelich, 229 B.R. 777, 780-81 (B.A.P. 9th Cir. 1999). This jurisdiction is not necessarily

---

[1] The statements to the contrary in In re Petty, 848 F.2d 654 (5ht Cir. 1988), are dicta, inconsistent with the plain language of section 349, and not binding.

3

exclusive, however. In re Gruntz, 202 F.3d 1074 (9th Cir. 2000), holds that the bankruptcy court has exclusive jurisdiction over the discharge. The discharge is central to the bankruptcy process and unique to bankruptcy law. Although Bankruptcy Code provisions govern the pending motions, neither of those sections has the same status as the discharge. Section 365(d)(3) and (5) of the Bankruptcy Code governs the motions regarding payment of postpetition rent. That section controls only the timing of rent payments while the bankruptcy case is pending; nonbankruptcy law governs the amount of those payments both during and after the bankruptcy case. Section 330 governs the compensation application, but its substantive provisions are substantially the same as the rules for fixing a reasonable attorney's fee under applicable nonbankruptcy law.

I am convinced, however, that it would be unfair to avoid deciding the pending motions. According to the last monthly operating report, the debtor held about $95,000 in cash at the end of January. (The debtor's failure to file monthly operating reports for the subsequent months is another reason to dismiss this case.) Contrary to the usual practice, the debtor's attorney holds all of the estate's money in a trust account. If the court does not decide the pending motions before dismissing the bankruptcy case, the debtor will be free to distribute the money as it sees fit, rather than as the Bankruptcy Code requires. The creditors of the estate

4

U.S. Bankruptcy Court - Hawaii   #09-01802   Dkt # 203   Filed 05/27/10   Page 4 of 8

should not be disadvantaged because the debtor has proven incapable of reorganizing itself. Therefore, I will exercise my discretion to decide the pending motions.

## Compensation Application

The application for compensation filed by the debtor's attorney (docket no. 110) will be denied in its entirety. Section 330(a)(1) of the Bankruptcy Code empowers the court to award reasonable compensation to the debtor's attorney. Section 330(a)(2) states the unremarkable proposition that the court can award less compensation than is requested. Section 330(a)(3) provides that, in determining the reasonable amount of compensation, the court shall consider "all relevant factors," including certain enumerated factors. The most important factors in this case are the "value" of such services and "whether the services were . . . beneficial at the time at which the service was rendered toward the completion of" the case.

The debtor's attorney was responsible for filing a timely motion to assume the leases (or for an extension of time to assume the leases) under section 365(d)(4). All competent bankruptcy attorneys know about the deadline for assumption of non-residential real property leases in chapter 11 cases and are careful to comply with that deadline. The debtor's attorney missed the deadline and thus failed to fulfill a basic responsibility. As a direct result of the attorney's

5

failure, the estate and the debtor lost their most valuable assets.[2] It would be an understatement to say that counsel's services were not beneficial to the estate; in fact, counsel's services harmed the estate and the debtor. The reasonable amount of compensation for counsel's services in this case is zero.

In addition, the application lacks much of the information required by Fed. R. Bankr. P. 2016 and LBR 2016-1. Although the Office of the United States Trustee pointed out these deficiencies, counsel made no effort to correct them. This is an independently sufficient reason to deny the application.

Postpetition Rent

The debtor's motion (docket no. 42) to pay only certain post-petition rents installments and for other relief will be denied. The debtor argues that its rent obligations should be reduced because the lessor wrongfully collected $85,000 directly from the debtor's subtenants and wrongfully induced the subtenants to withhold rent from the debtor. The lessor has shown that, in 1998, the debtor agreed that the subtenants should pay their rent directly to the master lessor. The

---

[2] The attorney argues for the first time that he cannot be faulted for failing to move to assume the lease because the subtenants were withholding their rent, leaving the debtor had no money to pay its rent. (Docket no. 201 at 6.) This does not explain why he failed to file a motion for an extension of time to assume the lease. In re Monahan Ford Corp., 390 B.R. 493, 504-06 (Bankr. E.D.N.Y. 2008) (debtor's counsel was negligent in failing to file a timely motion to assume a lease, or to extend time to assume a lease; debtor's inability to make rent payments is not a defense).

6

U.S. Bankruptcy Court - Hawaii   #09-01802   Dkt # 203   Filed  05/27/10   Page 6 of 8

debtor has never provided a comprehensible (let alone convincing) reason why the agreement is not valid. Therefore, there is no legitimate dispute that the debtor owes the full amount of rent reserved under the lease, minus any amounts which the sublessees paid to the lessor.

The lessor's motion (docket no. 159) for immediate payment of post-petition rent from the petition date until the deemed rejection of the leases on December 9, 2009, and for turnover of any sublease rents collected by the debtor thereafter, will be granted. The debtor filed no response to this motion, contrary to LBR 9013-1(c)(2). On November 9, 2009, the court ordered (docket no. 65) the debtor to pay timely all post-petition rents until further order. The lessor's motion establishes that the debtor did not comply with this order and that $307,975.68 of unpaid rent accrued from the petition date to December 9, 2009. Because the unpaid rent exceeds the available funds, the court will direct the debtor and its counsel to remit all of the estate's cash to the lessor in partial satisfaction of the lessor's administrative claim and the court will reserve jurisdiction, notwithstanding the dismissal of the case, to enforce this requirement. In re Pavelich, 229 B.R. 777, 780-81 (B.A.P. 9th Cir. 1999).[3]

---

[3]The debtor's counsel contends that, at a prior hearing, I stated that the court could not enforce the requirement of timely payment of postpetition rent. This is false. As the transcripts show, I merely said that I would order the debtor to make timely payment of the postpetition rent and would leave for another day the question of what consequences should flow from

7

U.S. Bankruptcy Court - Hawaii   #09-01802   Dkt # 203   Filed 05/27/10   Page 7 of 8

Counsel for the United States Trustee shall submit a separate judgment granting the motion to dismiss and denying the application for compensation. Counsel for the lessor shall submit separate judgments disposing of the other motions.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 05/27/2010

---

noncompliance.

U.S. Bankruptcy Court - Hawaii   #09-01802   Dkt # 203   Filed  05/27/10   Page 8 of 8