# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>JIM SLEMONS HAWAII, INC.<br><br>Debtor. | Case No.: 09-01802<br>Chapter 11<br><br>Rel. Dkt. No. 246 |

**MEMORANDUM OPINION CONCERNING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR DISQUALIFICATION OF UNITED STATES BANKRUPTCY JUDGE**

I.  INTRODUCTION

The motion before the court seeks reconsideration of an order denying the motion of Debtor Jim Slemons Hawaii, Inc., (Debtor) seeking recusal of the bankruptcy judge to whom this case is assigned. This Memorandum Opinion addresses the question of whether the Debtor's appeal from the order denying the recusal motion deprives this court of jurisdiction to hear and consider the reconsideration motion.

II.  FACTS

On August 10, 2009, Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. Debtor's attempt to reorganize was unsuccessful, and this bankruptcy case was dismissed by order entered on July 13, 2010. (dkt. no. 216)

This case was assigned to, and has been administered by, United States Bankruptcy Judge Robert J. Faris. On February 23, 2010, Debtor filed a motion to recuse Judge Faris. (dkt. no. 125) That motion was heard by the undersigned, not by Judge Faris. The motion was heard on April 26, 2010. On May 5, 2010, an order was entered denying the recusal motion. (dkt. no. 186)

The matter now before the court is a motion for reconsideration of the order denying the Debtor's recusal motion. This motion was filed on October 18, 2010. (dkt. no. 246) The moving party is not Debtor Jim Slemons Hawaii, Inc. The moving party is Anthony P. Locricchio, Esq., (Locricchio) who was Debtor's counsel during the reorganization case. His employment as Debtor's counsel was approved by order of January 12, 2010. (dkt. no. 86) On June 9, 2010, Locricchio filed a notice and declaration, stating that he had been terminated by Debtor Jim Slemons Hawaii, Inc. (dkt. no. 208) However, Locricchio never obtained an order, pursuant to noticed motion, authorizing his withdrawal as Debtor's counsel, as required by LBR 2091-1(a).

On July 27, 2010, before the filing of this motion for reconsideration, Debtor filed a notice of appeal (dkt. no. 225) from the order which is the subject of the motion for reconsideration, the order denying the motion for recusal of Judge Faris.

U.S. Bankruptcy Court - Hawaii   #09-01802   Dkt # 253   Filed 10/29/10   Page 2 of 4

II. ISSUE

Does the Debtor's appeal from this court's order denying the motion to disqualify Judge Faris deprive this court of jurisdiction to consider a motion for reconsideration of that order?

III. DISCUSSION

It is well settled in the Ninth Circuit that, as a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal. See Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997) (citing Marrese v. American Academy of Ortho. Surgeons, 470 U.S. 373, 379 (1985)); see also Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir. 1992) (finding that the district court lost jurisdiction upon the filing of a notice of appeal). This same rule applies in bankruptcy proceedings. See, e.g., In re Kyung Sook Kim, 433 B.R. 763, 776 (Bankr. D. Haw. 2010) ("The timely filing of a notice of appeal to either a district court or bankruptcy appellate panel will typically divest a bankruptcy court of jurisdiction over those aspects of the case involved in the appeal.") (citing In re Sherman, 491 F.3d 948, 967 (9th Cir. 2007)). This general rule "avoids the confusion and waste of time that might flow from putting the same issues before two courts at the same time." Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730, 734 (9th Cir.1988) (quoting 9 J. Moore, B. Ward & J. Lucas, Moore's

U.S. Bankruptcy Court - Hawaii   #09-01802   Dkt # 253   Filed 10/29/10   Page 3 of 4

Federal Practice ¶ 203.11, at 3-45 n. 1 (2d ed. 1987)).

IV.  CONCLUSION

The Debtor's July 27, 2010, notice of appeal from this court's May 5, 2010, Order Denying Motion to Disqualify Bankruptcy Judge, has taken away this court's jurisdiction to entertain the October 18, 2010, motion to reconsider the same order which is under appeal.

The filing of this reconsideration motion by Debtor's counsel, Locricchio, purporting to appear "*pro se* and filing a limited appearance" may indicate the existence of problems beyond the scope of this memorandum, but it does not supply the missing jurisdiction.

An order will be entered denying the motion for reconsideration.

/s/ Lloyd King
United States Bankruptcy Judge
Dated: 10/29/2010

4