UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 09-01802 |
|---|---|
| JIM SLEMONS HAWAII, INC., | Chapter 11 |
| Debtor. | Re: Docket No. 317 |

## MEMORANDUM CONCERNING THE DEBTOR'S MOTION TO DISQUALIFY UNITED STATES BANKRUPTCY JUDGE

## I. INTRODUCTION

The debtor in possession, Jim Slemons Hawaii, Inc. (the "Debtor"), filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code on August 10, 2009. Before the court is the Debtor's second motion to disqualify the bankruptcy judge who is presiding over the unsuccessful reorganization effort. The motion arises from apparent inconsistencies between a verbal ruling by the judge and the entered order, which resulted from the verbal ruling. It is alleged that the judge, counsel for a Debtor's lessor, and the Assistant United States Trustee are part of an 'old boy network' and therefore biased against the Debtor's counsel. They are alleged to have cooperated or conspired to allow the lessor to 'steal' a valuable leasehold estate of the Debtor.

This Chapter 11 case was dismissed by order entered on July 13, 2010. Dkt. no. 216. However, it remains open to address unresolved matters, including the disposition of funds once held in a trust account maintained by Debtor's counsel. debtor-in-possession trust account.

The motion was heard on July 28, 2011. Anthony P. Locricchio, Esq., ("Locricchio") appeared for the Debtor, in support of the motion; Jerrold K. Guben, Esq., of O'Connor Playdon & Guben, ("Guben") appeared for creditor Continental Investment Company, Ltd. ("Continental"); and Terri Didion, Esq., ("Didion") appeared on behalf of the Office of the United States Trustee ("UST").

## II. FACTS

When this case was filed, the Debtor's primary asset was a leasehold estate, consisting of real property expected to be condemned, in part, by the City and County of Honolulu in connection with the right of way for its new light rail system. Continental is the Debtor's lessor and the fee owner of that real property.

On August 25, 2009, shortly after commencement of this bankruptcy case, Continental filed a motion for an order for timely payment of post-petition rent pursuant to 11 U.S.C. § 365(d)(3). Dkt. no. 11.

On September 28, 2009, the Debtor filed an application to employ Locricchio as general counsel for the debtor in possession. Dkt no. 18. This

2

U.S. Bankruptcy Court - Hawaii   #09-01802   Dkt # 353   Filed 08/03/11   Page 2 of 16

motion was opposed by the UST. The opposition was prepared and filed by Curtis Ching, Esq., ("Ching"), Assistant United States Trustee. The opposition alleged that Locricchio did not have adequate bankruptcy expertise to represent a Chapter 11 debtor in possession. Ching also asserted that Locricchio failed to disclose a $25,000 retainer, "has not filed a Statement of Financial Affairs, has apparently not opened up a proper DIP account [debtor in possession bank account], does not have a Federal Tax identification number, does not have a General Excise Tax license, has not filed a designation of responsible person, has not filed an [sic] disclosure of attorney compensation, and has not filed a monthly operating report for August 2009." Dkt no. 21. These deficiencies are significant. The Debtor's meeting of creditors was held on September 11, 2009, and important information was unavailable.

The Debtor responded by demanding that Ching be removed from any further proceedings as representative of the UST in the case. Dkt. no. 37, filed October 19, 2009. No motion was filed in support of this demand. The suggestion of an undisclosed retainer proved to be inaccurate, an inaccuracy which might have been avoided by a timely filing of a disclosure of Locricchio's compensation, which was due 14 days after the August 10, 2009, order for relief. Fed. R. Bankr. P. 2016(b). Most of the other matters were eventually resolved, and the court

3

U.S. Bankruptcy Court - Hawaii  #09-01802  Dkt # 353  Filed 08/03/11  Page 3 of 16

granted the Debtor's motion to employ Locricchio as general counsel to the Debtor. Dkt. no. 71. In granting the motion, the judge suggested that the Debtor and Locricchio consider associating co-counsel with more experience in the representation of Chapter 11 debtors in possession.

Locricchio did not disclose to Judge Faris that he was representing both the Debtor and an insider of the Debtor, Jim Slemons ("Slemons"). This fact was acknowledged in an interpleader complaint filed with the United States District Court for the District of Hawaii and at the July 28, 2011 hearing on the matter currently before this court. That undisclosed representation is complicated by the fact that Locricchio assisted Slemons in making an insider loan to the debtor in possession, to help it pay rent owing to lessor Continental. Even though such a loan is not in the ordinary course of business, Locricchio did not seek court authorization for the loan as required by 11 U.S.C. § 364(b) or (c). The funds from Slemons were not used for the payment of rent and are now the subject of an interpleader action filed by Locricchio in the United States District Court for the District of Hawaii. No. CV 10 00710. The plaintiffs in the interpleader are Slemons, James Slemons Hawaii, Inc., and Anthony P. Locricchio. The interpleader plaintiffs allege that the funds in question are the property of James Slemons. Dkt. no.1, Complaint, p.8. This lawsuit would be unnecessary, had

4

Locricchio followed the requirements of section 364 of the Bankruptcy Code.

On October 19, 2009, the bankruptcy court heard oral argument regarding Continental's motion for payment of post-petition rent. At the conclusion of the hearing, the court stated that Continental's motion for payment of rent would be granted. Dkt no. 47. In its oral ruling, the court indicated that the issue of payment for the months August and September would not be included in this order. Pursuant to Local Bankruptcy Rule 9021-1(a),[1] counsel for Continental prepared a proposed form of order, circulated it to the Debtor and to the UST, and after no objections were raised, submitted the proposed order to the court on October 26, 2009. Dkt. no. 340, Decl of Jerrold K. Guben, ¶¶ 10-16. The court gave counsel for the Debtor and the UST an opportunity to object. There were no objections or comments, and the proposed order was entered on November 9, 2009 (the "November 9 Order"). Dkt. no. 65. This order on its face appears to be inconsistent with the court's oral ruling at the October 19 hearing insofar as the November 9 Order grants the motion for payment of rent, without excluding August and September, 2009, rents. The effect of including the August and September rents was to add approximately $40,000 for August, 2009, rent and

---

[1] This Rule, repealed on December 1, 2009, was applicable at the time the proposed order was circulated on October 21, 2009. All references hereinafter reflect the Rule in effect prior to December 1, 2009.

$60,000 for September, 2009, rent to the amount required to be paid by the Debtor.

According to the BNC Certificate of Notice, the Debtor and Locricchio received proper notice of the entry of this order. Dkt. no. 68. The Clerk of the Bankruptcy Court also gave notice to Locricchio and the Debtor of entry of the November 9 Order. Dkt. no. 67.

Locricchio claims to have no record of ever receiveing any of the mailings concerning the proposed November 9 Order or the entry of that order.

During the hearing on the subject motion to disqualify, Locricchio was unable to state when he filed a notice of appeal from the November 9 Order. On Monday, August 1, 2011, four days after the hearing, he advised a clerk of this court that the notice of appeal was filed on July 27, 2010. Locricchio did file a notice of appeal on that date. Dkt. no. 225. That single notice of appeal lists six separate orders as the subject of appeal. Copies of the subject orders are attached to the notice. However, the November 9 (2009) Order is not one of the included orders. From review of the Debtor's Chapter 11 case docket, it appears that the November 9 Order has never been the subject of a Fed. R. Bankr. P. 9024 (Fed. R. Civ. P. 60) motion to have the order corrected or a notice of appeal.

Pursuant to section 365(d)(4) of the Bankruptcy Code, the interest of a

debtor-lessee in a lease of nonresidential real property is deemed rejected, and the property must be surrendered to the lessor, unless the lease is assumed or rejected by the earlier of 120 days after the date of the order for relief or the date of entry of an order confirming a plan. 11 U.S.C. § 365(d)(4)(A). That time period can be extended by order entered , "prior to the expiration of the 120-day period." 11 U.S.C. § 365 (d)(4)(B). This case was commenced by a voluntary Chapter 11 petition, and no plan has been confirmed. Therefore, the deadline for assumption or rejection of the Debtor's leases is 120 days after August 10, 2009, which is the date of filing of Debtor's petition for relief under Chapter 11 and the date of the order for relief in this case. During the 120 days following the order for relief, the Debtor did not assume or reject the leases with Continental or get an extension of time to do so.

On December 23, 2009, approximately two weeks after expiration of the 120-day period to accept or reject non-residential leases, Continental filed a motion for an order terminating the Debtor's interest in certain leases held by Continental. On February 22, 2010, Judge Faris issued a memorandum of decision indicating the motion would be granted.[2] Dkt. no. 124.

---

[2] The actual judgment related to Continental's motion was not entered until March 3, 2010. Dkt. no. 140.

U.S. Bankruptcy Court - Hawaii   #09-01802   Dkt # 353   Filed 08/03/11   Page 7 of 16

On the following day, February 23, the Debtor filed its first motion to disqualify Judge Faris for alleged bias. Dkt. no. 125. That motion to disqualify was denied on the ground that no evidence was provided which would warrant disqualification of Judge Faris. Dkt. no. 186.

On July 13, 2010, the court granted the UST's motion to dismiss the Debtor's Chapter 11 case. Dkt. no. 216. The primary basis of the dismissal was that, given the loss of the Debtor's leases, there was nothing left to reorganize. Dkt. no. 203, Memorandum of Decision. The case remains open to address matters related to compliance with prior orders.

The Debtor filed this second motion to recuse Judge Faris on June 20, 2011. Dkt. no. 317. The motion, devoid of any legal analysis, alleges grounds for disqualification due to dishonest and biased conduct surrounding the November 9 Order. On June 23, 2011, this court entered an order requiring Continental to file a responsive memorandum addressing the allegations in the motion to recuse concerning the inaccuracy of the November 9 Order. Dkt. no. 323. Continental filed its reply memorandum on July 7, 2011. Dkt. no. 329. Dissatisfied with Continental's response, insofar as it did not address the November 9 Order, the court ordered Continental to file a supplemental response addressing the specific issues related to the November 9 Order. Dkt. no. 332. Continental filed its

8

supplemental reply on July 21, 2011. Dkt. no. 339. Continental's second memorandum addressed the issue of circulation of the proposed November 9 Order, but not its apparent inconsistency with the oral ruling on October 19.[3] Locricchio has alleged the court's requirement that Continental file a supplemental memorandum has the appearance of bias in favor of Continental's attorney, Guben. See Dkt. no. 344, Jim Slemons Hawaii Inc.'s Reply to Continental Investment Company's First and Second Orders by Judge Lloyd King, pp. 6-7.

The UST also provided a declaration by Ching stating that he received the proposed order concerning the payment of rent on October 21, 2009, and did not oppose the proposed order. Dkt. no. 336. The Debtor argues that attention to the proposed form of what became the November 9 Order by Ching, rather than Didion shows fraud and impropriety by Ching and Guben. Dkt. no. 344. The Debtor notes that Didion had identified herself as the UST attorney responsible for matters related to this Chapter 11 bankruptcy case, so that Guben's sending the proposed order to Ching is proof of the existence of the 'old boy network'. Didion and Ching both work in the Honolulu, Hawaii, office of the UST. Ching is the attorney in charge of that office. Communications from Guben's office to the UST

---

[3] At the hearing, the court questioned Continental on the apparent inconsistencies. Continental argued, unpersuasively, that the November 9 Order is consistent with the court's oral ruling on October 19.

9

office concerning the proposed form of the November 9 Order, after the October 21, 2009, transmittal from Guben to Ching, were addressed to Didion.

## III. ISSUE

Has the Debtor demonstrated bias on the part of the presiding bankruptcy judge, either against Debtor's counsel or in favor of Continental's counsel?

## IV. DISCUSSION

Disqualification motions against United States Bankruptcy Judges are governed by 28 U.S.C. § 455, made applicable to bankruptcy cases by Rule 5004(a), Fed. R. Bankr. P.[4] The standard for disqualification is set forth in section 455:[5]

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> . . .

---

[4] "A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstance arises or, if appropriate, shall be disqualified from presiding over the case." Fed. R. Bankr. P. 5004(a).

[5] While the Debtor manages to use "fraud" or "fraudulent" repeatedly in its moving papers, it provides no citations or even acknowledges the existence of a legal standard for disqualification of Article I judges.

10

U.S. Bankruptcy Court - Hawaii    #09-01802    Dkt # 353    Filed 08/03/11    Page 10 of 16

28 U.S.C. § 455(b)(1) (2006). The Ninth Circuit test for disqualification under section 455 is whether a reasonable person, with full knowledge of all the facts, would conclude that the judge's impartiality might be questioned. In re Focus Media, Inc., 378 F.3d 916, 929 (9th Cir. 2004). Judicial impartiality is presumed. First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler, 210 F.3d 983, 987 (9th Cir. 2000). Improper or incorrect judicial rulings are grounds for appeal but not for disqualification of a judge. Liteky v. United States, 510 U.S. 540, 550-55 (1994). Generally, allegations of bias or prejudice must stem from some extrajudicial source. Id.

The Debtor's motion does not meet the standard for disqualification under 28 U.S.C. § 455 and applicable Ninth Circuit case law. With the presumption of impartiality, the Debtor must come forward with extrajudicial sources evidencing bias. The Debtor has not done so. There mere fact that this court has entered judicial rulings against the Debtor are not grounds for disqualification.

Further, the arguments set forth by the Debtor in its papers and at the July 28, 2011, hearing of the current motion to disqualify have no merit. First, the Debtor alleges fraudulent conduct on the part of Judge Faris related to the entry of the November 9 Order. To the contrary, there is no evidence that the November 9 Order was entered fraudulently, in secrecy, or with any bias against the Debtor.

11

U.S. Bankruptcy Court - Hawaii    #09-01802    Dkt # 353    Filed 08/03/11    Page 11 of 16

The form of order sent to Judge Faris had lines for the signatures of counsel for the Debtor and for the UST. The signature lines on the proposed order were blank. However, no rule required approving signatures, and the October 26, 2009, letter transmitting the proposed order to Judge Faris indicated that copies had been provided to counsel for the Debtor and counsel for the UST. The judge waited an additional period of time, to see if there were any objections to the proposed order. There were no objections, and the proposed order was eventually entered, on November 9, 2009. Entry of the proposed order, as submitted, may have been the result of an oversight by Judge Faris. However, the oversight is very understandable, given the circumstances in which the order was presented to him.

Counsel for Continental states, in a sworn declaration, that it complied with the Local Bankruptcy Rules in preparing and circulating a proposed order. See dkt. no. 340, Decl. Jerrold K. Guben, ¶¶ 10-16. The UST also submitted a sworn declaration, by Ching, not by Didion, stating that it received the proposed order sent by counsel for Continental, and made no objections. See dkt. no. 336, Decl. Curtis Ching, ¶¶ 5-6, Exhibit A. The Exhibit, a copy of the email correspondence sent by counsel for Continental, attached to the UST's declaration identifies Locricchio to be a recipient of the email correspondence and proposed order. Dkt. no. 336, Exhibit A. Locricchio claims that his office has no record of ever

12

U.S. Bankruptcy Court - Hawaii    #09-01802    Dkt # 353    Filed 08/03/11    Page 12 of 16

receiving anything concerning the proposed order.

Even assuming Locricchio did not receive or review the proposed order, the BNC Certificate of Service and the Clerk of the Court both indicate that the Debtor and Locricchio received notice of the entry of the November 9 Order. Dkt. nos. 67-68. Locricchio argued at the hearing that, despite the unequivocal evidence to the contrary, neither he nor the Debtor received timely notice of the proposed or actual November 9 Order. It is difficult for the court to give credence to this contention.

Locricchio is unable to explain when he received a copy of the November 9 Order. The court assumes that he had both the proposed form of the order and notice of entry of the order. Locricchio also offered no reasonable excuse for failing to advise the court of problems with the text of the November 9 Order until 18 months after its entry. This is a matter of serious concern, given the suggestion of the importance of the order suggested by Locricchio. The best explanation that Locricchio could give for his extended inaction was that it would have been a waste of time to seek to have the order corrected, given the bias of the presiding judge against the Debtor's counsel. This argument is wholly unsatisfactory. Given the difference between the judge's oral ruling and the written order, even a biased judge would have had difficulty in refusing to make the appropriate

13

correction. Locricchio had it in his power to have this matter promptly addressed and corrected. He failed to do so.

As already discussed, review of this case's docket report indicates that no formal action, by way of motion or appeal, was taken by Locricchio in response to the November 9 Order. Locricchio ignores his own failure to act and tries to use an erroneous order, 18 months after its entry, as proof of bias against him and in favor of opposing counsel.

The Debtor states, as evidence of bias, that the signature lines on proposed form of order for the UST and counsel for the Debtor were left blank. The Debtor, however, fails to acknowledge that signatures on the proposed form of order were not required by the then current Local Bankruptcy Rule, LBR 9021-1(a)-(b). The Debtor was afforded more than the five days required by LBR 9021-1(b), to submit to the court any objections to the proposed order. The Debtor did not do so.

The Debtor contends, without citing legal authority, that Ching improperly and with bias against the Debtor reviewed, and did not oppose, the proposed form of order. Didion, the Debtor argues, was the only UST attorney with authority to review documents related to the Debtor's case. At oral argument, the court offered the Debtor additional time to brief the court on this issue and provide legal

U.S. Bankruptcy Court - Hawaii　　#09-01802　　Dkt # 353　　Filed 08/03/11　　Page 14 of 16

citations. The Debtor declined this opportunity. It should be noted that Ching is the Assistant United States Trustee and both Ching and Didion are attorneys of record for the UST in this case. Aside from this one piece of correspondence, all other letters and notices, including transmittal of the proposed order the judge, were by Guben to Didion.

Locricchio argued at the July 28 hearing of this disqualification motion, that an "outside" judge, rather than the undersigned, should have been assigned to this motion, to avoid the appearance of bias in favor of Judge Faris. The Debtor was aware, at least from the time the undersigned entered its order for Continental to provide a responsive memorandum, that the undersigned was assigned to this matter. If the Debtor had reservations or concerns with such assignment, the Debtor could have raised them prior to the hearing.

## V. CONCLUSION

The motion to recuse Judge Faris is without factual or legal support. Locricchio had within his power the ability to bring any error in the November 9 Order to the court's attention and have it corrected. Locricchio, however, took no action. His contention that such action would have been a waste of time is not a valid explanation or excuse. His denials of receipt of the proposed form of the November 9 Order or of notice of entry of that order from the Clerk of the

15

Bankruptcy Court and the Bankruptcy Noticing Center, are not believable.

An order will be entered, denying the Debtor's motion to recuse the presiding bankruptcy judge.

Dated: Honolulu, Hawaii, August 3, 2011.

Lloyd King
United States Bankruptcy Judge

U.S. Bankruptcy Court - Hawaii    #09-01802    Dkt # 353    Filed  08/03/11    Page 16 of 16