UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 09-01802 |
|---|---|
| JIM SLEMONS HAWAII, INC., | Chapter 11 |
| Debtor. | Re: Docket No. 368 |

## MEMORANDUM CONCERNING MOTION TO RECONSIDER

Debtor's second motion to disqualify the bankruptcy judge who is presiding over this bankruptcy case was heard on Thursday, July 28, 2011. The court entered its written memorandum and order concerning the motion on August 3, 2011. Dkt. no. 353-54. On August 17, 2011, Continental Investment Co. Ltd. ("Continental") filed its motion, comprised of 270 pages including exhibits, to reconsider the order denying the Debtor's motion to disqualify the bankruptcy judge. Dkt. no. 368.

Continental seeks clarification of certain language contained in the Memorandum Concerning the Debtor's Motion to Disqualify United States Bankruptcy Judge (dkt. no. 353). Specifically, Continental contends that there is no discrepancy between statements made by the parties and comments of Judge Faris at a hearing on October 19, 2009, and the resulting Order Regarding Continental Investment Company, Ltd.'s Motion for Order Re: Timely Payment of Post-Petition

Rent (dkt. no. 65). Continental requests the court enter an amended memorandum revising all language which indicates the existence of such discrepancies.

The motion will be denied for the following reasons:

1. In its Memorandum Concerning the Debtor's Motion to Disqualify United States Bankruptcy Judge, the court assumed but did not decide that certain discrepancies existed between the judge's statements at the October 19, 2009 hearing and resulting November 9, 2009 order.

2. This second motion to disqualify clearly alleges a discrepancy. Dkt. no. 317, Memorandum In support of Motion to Disqualify Judge Faris, pp. 6-13. Continental was afforded at least three opportunities to present its side of the discrepancy issue. The court ordered Continental, on two separate occasions, to file a responsive memorandum addressing the allegations set forth in the motion to disqualify (dkt. no. 323, 332). In addition, Continental appeared at the hearing and was provided an opportunity to present any further arguments it felt necessary in deciding the motion. Continental had ample opportunity to present the arguments now set forth in its motion to reconsider, and did not.

Hearing Continental's motion to reconsider would serve no purpose. The issue before the court was whether or not to disqualify the presiding bankruptcy judge, not the Debtor's claim of a discrepancy between the judge's verbal ruling at

U.S. Bankruptcy Court - Hawaii   #09-01802   Dkt # 369   Filed 08/18/11   Page 2 of 3

the hearing on October 19, 2009, and the written order, prepared by counsel for Continental, that resulted from that hearing. Counsel for Continental was given at least three opportunities to explain why the written order seems to differ from the judge's instructions, but offered no persuasive argument that there was, in fact, no discrepancy. The motion to disqualify the presiding bankruptcy judge has been denied, even with the assumption of a discrepancy. The ruling on the motion to disqualify would not change in the event of a determination that there is no discrepancy.

An order will be entered, denying Continental's motion for reconsideration.

Dated: Honolulu, Hawaii, August 16, 2011.

Lloyd King
United States Bankruptcy Judge

U.S. Bankruptcy Court - Hawaii #09-01802 Dkt # 369 Filed 08/18/11 Page 3 of 3